O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DARRELL WORTHEN, an
individual,

           Plaintiff,

   v.

LITTON LOAN SERVICING LP;
DEUTSHE BANK NATIONAL TRUST
COMPANY; NDEx WEST, L.L.C.,

           Defendants.

|   |   |
|---|---|
| ) | Case No. CV 09-03931 DDP (SSx) |
| ) | |
| ) | **Order (1) Granting Defendants'** |
| ) | **Motion to Dismiss; (2) Denying** |
| ) | **Plaintiff's Second Ex Parte** |
| ) | **Application for a Temporary** |
| ) | **Restraining Order** |
| ) | |
| ) | [Motion filed on September 11, |
| ) | 2009] |
| ) | |
| ) | |
| ) | |
| ) | |

    Presently before the Court is Defendants Litton Loan Servicing
LP and Deutshe Bank National Trusts' (together "Defendants") motion
to dismiss, and pro se Plaintiff Darrell Worthen's second request
for a temporary restraining order ("TRO") enjoining Defendants from
foreclosing on his home.

    The Court grants the motion with respect to Plaintiff's only
federal claim arising under federal law, and declines to exercise
supplemental jurisdiction over his remaining state law claims.  See
28 U.S.C. § 1367(c).  Accordingly, the ex parte application for a
TRO is dismissed as moot.

## I.    Background

Plaintiff seeks to block a pending trustee sale of his home. The property is located at 291 W. Fuego Street, Long Beach, CA 90805.  He originally purchased the property on September 1, 2001. On November 17, 2008, Plaintiff received a notice of default from a debt collector requesting payment of his past-due mortgage within 45 days; and informing him that his loan would be accelerated at the end of that period.  Defendants have now initiated foreclosure proceedings.  According to Plaintiff, a trustee sale is scheduled for October 19, 2009.

On July 2, 2009, Plaintiff filed an ex parte application for a TRO enjoining Defendants from foreclosing on his property.  (Dkt. No. 10.)  The Court denied the ex parte application on July 6, 2009, concluding that Plaintiff had not established a likelihood of success on the merits.  (Dkt. No. 12.)  He filed a second TRO application on October 1, 2009. (Dkt. No. 37.)

Plaintiff's First Amended Complaint ("FAC") alleges that Defendants have not complied with California law governing foreclosure procedures, and that they have not responded to his attempts to communicate with them regarding his loans.  The FAC also states general allegations regarding fraudulent or otherwise unlawful business practices.  Plaintiff raises only one claim under federal law – an alleged violation of the Homeowner Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1602(aa), 1610, 1639, and 1640.

## II.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations

1  fail to state a claim upon which relief can be granted.  When

2  considering a Rule 12(b)(6) motion, courts accept the Plaintiff's

3  allegations of material fact as true, and construe the complaint in

4  the light most favorable to the non-moving party.  Cahill v.

5  Liberty Mut. Ins. Co., 80 F.3d 336, 337-338 (9th Cir. 1996).

6      In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), the Supreme

7  Court explained that a court considering a 12(b)(6) motion should

8  first "identify[] pleadings that, because they are no more than

9  conclusions, are not entitled to the assumption of truth."  Id.

10 Next, the court should identify the complaint's "well-pleaded

11 factual allegations, . . . assume their veracity and then determine

12 whether they plausibly give rise to an entitlement to relief."  Id.

13 **III. Discussion**

14     As a preliminary matter, the Court must consider Plaintiff's

15 contention that Defendants did not serve him with their motion to

16 dismiss in a timely manner.  Local Rule 6-1 requires a movant to

17 serve all parties with a notice of motion 21 days before the

18 noticed hearing date.  If the movant serves notice by mail, then

19 the notice must be sent no later than 24 days before the hearing

20 date noticed in the motion.  Kim v. Commandant, Def. Language

21 Inst., Foreign Language Ctr., 772 F.2d 521, 524 (9th Cir. 1985)

22 ("Because '[s]ervice by mail is complete upon mailing,' Fed. R.

23 Civ. P. 5(b), it is irrelevant that plaintiff did not receive the

24 answer until the following day.") (emphasis in original).

25     Defendants provide a FedEx delivery confirmation slip

26 confirming that they mailed a notice of motion to Plaintiff on

27 September 11, 2009, and that it was delivered to his home on

28 September 14, 2009.  (Lui-Kwan Decl., Ex. A.)  Accordingly, the

1  Court concludes that Defendants served Plaintiff with a notice of
2  motion 24 days before the noticed hearing date (October 5, 2009),
3  as Local Rule 6-1 requires.

4       The Court next turns to the merits of Defendants' motion.

5       Plaintiff raises only one claim arising under federal law – he
6  contends that Defendants failed to make certain material
7  disclosures and generally engaged in unfair and deceptive practices
8  in violation of HOEPA.

9       For loans that fall within HOEPA's ambit, the Act requires, in
10 relevant part, that lenders make certain warnings and disclosures
11 at least three business days prior to the consummation of the
12 transaction.  See 15 U.S.C. § 1639(a)-(b)(1).

13      HOEPA governs a limited class of high-risk loans.  See Lynch
14 v. RKS Mortgage, Inc., 588 F. Supp. 2d 1254, 1260 (E.D. Cal. 2008).
15 The Act's requirements only apply to loans where the annual
16 percentage rate at consummation exceeds the applicable yield on
17 treasury securities by more than ten percent, or the total points
18 and fees payable by the consumer exceed eight percent of the "total
19 loan amount," or $400, whichever is greater.  15 U.S.C. §
20 1602(aa)(1), (3); 12 C.F.R. § 226.32(a)(1).  A plaintiff raising a
21 HOEPA claim "must allege facts supporting a conclusion that HOEPA
22 applies to the Loan, under the requirements of [15 U.S.C.] §
23 1602(aa)."  Enriquez v. J.P. Morgan Chase Bank, N.A., 2009 WL
24 160245, at *5 (D. Nev. 2009).

25      The FAC does not reference any facts suggesting that the
26 mortgage loan at issue in this case falls within HOEPA's ambit.
27 Accordingly, the Court grants Defendants' motion to dismiss with
28 respect to Plaintiff's HOEPA claim.

4

**IV.   Conclusion**

    For the reasons set forth above, the Court GRANTS Defendants'
motion to dismiss with respect to Plaintiff's only claim arising
under federal law.  The Court declines to exercise supplemental
jurisdiction over Plaintiff's state law claims, and accordingly,
those claims are dismissed without prejudice to refile in state
court.  Plaintiff's second ex parte application for a TRO is
dismissed as moot.


IT IS SO ORDERED.



Dated: October 14, 2009
                                     DEAN D. PREGERSON
                                     United States District Judge